IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ACADIA PHARMACEUTICALS INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. _____ |
| | ) |
| AUROBINDO PHARMA LIMITED and | ) |
| AUROBINDO PHARMA USA, INC., | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff ACADIA Pharmaceuticals Inc. ("ACADIA" or "Plaintiff"), for its Complaint against Defendants Aurobindo Pharma Limited ("Aurobindo Limited") and Aurobindo Pharma USA, Inc. ("Aurobindo USA") (collectively, "Aurobindo" or "Defendants"), hereby alleges as follows:

## THE PARTIES

1. ACADIA is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 3611 Valley Centre Drive Suite 300, San Diego, California 92130.

2. Upon information and belief, Aurobindo Limited is an entity organized and existing under the laws of India, having a principal place of business at Plot no. 2, Maitrivihar, Ameerpet, Hyderabad-500038, Telangana, India.

3. Upon information and belief, Aurobindo USA is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 279 Princeton-Hightstown Road, East Windsor, New Jersey, 08520.

4. Upon information and belief, Aurobindo USA is a wholly owned subsidiary of Aurobindo Limited.

5. Upon information and belief, Aurobindo USA acts at the direction, and for the benefit, of Aurobindo Limited and is controlled and/or dominated by Aurobindo Limited.

6. Upon information and belief, Aurobindo Limited and Aurobindo USA work in concert, either directly or indirectly, with respect to the regulatory approval, manufacturing, marketing, sale, and distribution of generic pharmaceutical products throughout the United States, including in the State of Delaware.

7. Upon information and belief, Aurobindo Limited and Aurobindo USA have participated and collaborated in the preparation, filing, and seeking FDA approval of Abbreviated New Drug Application ("ANDA") No. 214782 for pimavanserin tartrate oral capsules, EQ 34 mg base ("the Aurobindo Generic Product"); continue to participate and collaborate in seeking FDA approval of ANDA No. 214782; and intend to participate and collaborate in the commercial manufacture, marketing, offer for sale, and/or sale of the Aurobindo Generic Product throughout the United States including in the State of Delaware.

## NATURE OF THE ACTION

8. This is a civil action for infringement of United States Patent Nos. 7,601,740 ("the '740 patent"), 7,732,615 ("the '615 patent"), 10,449,185 ("the '185 patent"), and 10,646,480 ("the '480 patent") (collectively "the patents-in-suit").  This action arises under the Patent Laws of the United States, 35 U.S.C. §§ 100 *et seq*.

## JURISDICTION & VENUE

9. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), 2201, 2202, and 35 U.S.C. § 271. This Court may declare the rights and other legal relations of the parties pursuant to 28 U.S.C. §§ 2201-02 because this case is an actual controversy within the Court's jurisdiction.

10. Upon information and belief, Aurobindo USA is a Delaware corporation and has a registered agent in the State of Delaware, the Corporation Service Company located at 251 Little Falls Drive, Wilmington, Delaware 19808.

11. Venue is proper in this Court as to Aurobindo USA under 28 U.S.C. §§ 1391(b), (c), (d), and/or 1400(b) because Aurobindo USA is incorporated in Delaware and thus resides in this Judicial District. Aurobindo USA has also committed and will commit further acts of infringement in this Judicial District. Venue is proper for the additional reasons set forth below, and for other reasons that will be presented to the Court if such venue is challenged.

12. This Court has personal jurisdiction over Aurobindo USA, and venue is proper in this Judicial District, by virtue of the facts that, *inter alia*, Aurobindo USA is a Delaware corporation and thus resides in Delaware and has committed, aided, abetted, contributed to, and/or participated in the commission of a tortious act of patent infringement under 35 U.S.C. § 271(e)(2) that has led to and/or will lead to foreseeable harm and injury to ACADIA, a Delaware corporation, including in the State of Delaware. Upon information and belief, Aurobindo USA intends to engage in the commercial manufacture, use, or sale of the Aurobindo Generic Product under ANDA No. 214782 before the expiration of the patents-in-suit, throughout the United States, including in the State of Delaware.

13. Upon information and belief, Aurobindo USA is in the business of, *inter alia*, manufacturing and selling generic pharmaceutical products that are distributed throughout the

United States, including in the State of Delaware, through its own actions, and through the actions of its agents and affiliates.

14. Upon information and belief, Aurobindo USA has purposely availed itself of the privilege of doing business in Delaware, including by, *inter alia*, holding a Distributor/Manufacturer License for Controlled Substances from the State of Delaware under License No. DM-0006550 and a Pharmacy Wholesale License from the State of Delaware under License No. A4-0001270.

15. This Court also has personal jurisdiction over Aurobindo USA, and venue is proper in this Judicial District, by virtue of the fact that, upon information and belief, Aurobindo USA maintains pervasive, continuous, and systematic contacts with the State of Delaware, including the marketing, distribution, and/or sale of generic pharmaceutical drugs in the State of Delaware, through its own actions and through the actions of its agents and affiliates.

16. Venue is proper in this Court as to Aurobindo Limited under 28 U.S.C. §§ 1391(b), (c), (d), and/or 1400(b) because, *inter alia*, Aurobindo Limited, directly or indirectly through its subsidiaries, agents, and/or alter egos, has a regular and established place of business in Delaware, including, at least, Aurobindo USA, a wholly owned subsidiary incorporated in the State of Delaware, and has also committed and will commit further acts of infringement in this Judicial District.  Venue is proper for the additional reasons set forth below, and for other reasons that will be presented to the Court if such venue is challenged.

17. This Court has personal jurisdiction over Aurobindo Limited, and venue is proper in this Judicial District, by virtue of the facts that, *inter alia*, Aurobindo Limited wholly owns a subsidiary that is incorporated in the State of Delaware and has committed, aided, abetted, contributed to, and/or participated in the commission of a tortious act of patent infringement

under 35 U.S.C. § 271(e)(2) that has led to and/or will lead to foreseeable harm and injury to ACADIA, a Delaware corporation, including in the State of Delaware.  Aurobindo Limited has indicated that it intends, directly or indirectly through its subsidiaries, agents, and/or alter egos, to engage in the commercial manufacture, use, or sale of the Aurobindo Generic Product under ANDA No. 214782 before the expiration of the patents-in-suit, throughout the United States, including in the State of Delaware.

18. Upon information and belief, Aurobindo Limited is in the business of, *inter alia*, manufacturing and selling generic pharmaceutical products that are distributed throughout the United States, including in the State of Delaware, through its own actions, and through the actions of its agents and affiliates, including, at least, Aurobindo USA.

19. Aurobindo's website states that it "exports to over 150 countries across the globe with around 90% of revenues derived from international operations" and has "multiple facilities approved by leading regulatory agencies such as USFDA."  Business Overview, https://www.aurobindo.com/about-us/at-a-glance/business-overview/ (last visited July 21, 2020). The website further states that it "also has 2 R&D centres in USA" and a "large manufacturing infrastructure for APIs and formulations" with "11 units for APIs / intermediates and 15 units (10 in India, 3 in USA, 1 in Brazil, and 1 in Portugal) for formulations [that] are designed to meet the requirements of both advanced as well as emerging market opportunities."  *Id*.  "The R&D Centre has developed products and filed more than 200 ANDA's" with the "focus [being] to develop products for the US and EU."  Research and Development (R&D), https://www.aurobindo.com/about-us/business-units/rd/ (last visited July 21, 2020).

20. This Court also has personal jurisdiction over Aurobindo Limited, and venue is proper in this Judicial District, by virtue of the fact that, upon information and belief, Aurobindo

Limited maintains pervasive, continuous, and systematic contacts with the State of Delaware, including the marketing, distribution, and/or sale of generic pharmaceutical drugs in the State of Delaware, through its own actions and through the actions of its agents and affiliates, including, at least, Aurobindo USA.  Upon information and belief, Aurobindo Limited derives substantial revenue from selling generic pharmaceutical products throughout the United States, including in the State of Delaware.

21.    Aurobindo's infringing actions with respect to the filing of ANDA No. 214782 and intent to commercialize the Aurobindo Generic Product have led and/or will lead to foreseeable harm and injury to ACADIA.

22.    This Court also has personal jurisdiction over Aurobindo Limited and Aurobindo USA, and venue is proper in this Court because, *inter alia*, they have previously been sued together in this Judicial District and have not challenged personal jurisdiction or venue, and have purposefully availed themselves of the rights and benefits of the jurisdiction of this Court by filing counterclaims in this Judicial District.  *See*, *e.g.*, *Millennium Pharm. v. Aurobindo Pharma USA, Inc.*, C.A. No. 19-471-CFC (D. Del.) (Aurobindo Limited and Aurobindo USA did not contest jurisdiction and filed counterclaims); *Allergan Sales, LLC v. Aurobindo Pharma USA, Inc.*, C.A. No. 18-118-GMS (D. Del.) (same); *Otsuka Pharm. Co., Ltd. v. Aurobindo Pharma Ltd.*, C.A. No. 19-1965-LPS (D. Del.) (Aurobindo Limited and Aurobindo USA did not contest jurisdiction); *Pfizer Inc. v. Aziant Drug Research Sols. Pvt. Ltd.*, C.A. No. 19-743-CFC (D. Del.) (same); *Pfizer Inc. v. Aurobindo Pharma, Ltd.*, C.A. No. 19-748-CFC (D. Del.) (same).

23.    Alternatively, should the Court find that the above facts do not establish personal jurisdiction over Aurobindo Limited in this action, this Court may exercise jurisdiction over Aurobindo Limited pursuant to Fed. R. Civ. P. 4(k)(2) because:  (a) ACADIA's claims arise

under federal law; (b) Aurobindo Limited is a foreign defendant not subject to personal jurisdiction in the courts of any state; and (c) Aurobindo Limited has sufficient contacts with the United States as a whole, including, but not limited to, submitting various ANDAs to the FDA, and manufacturing and selling active pharmaceutical ingredients that are used in the products distributed throughout the United States, such that this Court's exercise of jurisdiction over Aurobindo Limited satisfies due process.

## ACADIA'S NDA AND THE PATENTS-IN-SUIT

24. ACADIA holds New Drug Application ("NDA") No. 210793 for oral capsules containing pimavanserin tartrate, Eq. 34 mg base as the active ingredient. ACADIA exclusively manufactures, markets and sells these oral capsules in the United States under the brand name NUPLAZID®.

25. On October 13, 2009, the '740 patent, entitled "Selective serotonin 2A/2C receptor inverse agonists as therapeutics for neurodegenerative diseases" was duly and legally issued. A copy of the '740 patent is attached as Exhibit A.

26. ACADIA owns the '740 patent.

27. On June 8, 2010, the '615 patent, entitled "N-(4-fluorobenzyl)-N-(1-methylpiperidin-4-yl)-N′-(4-(2-methylpropyloxy)phenylmethyl)carbamide and its tartrate salt and crystalline forms" was duly and legally issued. A copy of the '615 patent is attached as Exhibit B.

28. ACADIA owns the '615 patent.

29. On October 22, 2019, the '185 patent, entitled "Formulations of pimavanserin" was duly and legally issued. A copy of the '185 patent is attached as Exhibit C.

30. ACADIA owns the '185 patent.

31. On May 12, 2020, the '480 patent, entitled "Formulations of pimavanserin" was duly and legally issued. A copy of the '480 patent is attached as Exhibit D.

32. ACADIA owns the '480 patent.

33. Pursuant to 21 U.S.C. § 355(b)(1), the patents-in-suit are listed in the FDA's *Approved Drug Products with Therapeutic Equivalence Evaluations* ("Orange Book") as covering NUPLAZID® or its use.

### AUROBINDO'S ANDA AND PARAGRAPH IV NOTIFICATION

34. Upon information and belief, Aurobindo submitted ANDA No. 214782 to the FDA under 21 U.S.C. § 355(j). Upon information and belief, Aurobindo's ANDA No. 214782 seeks FDA approval to engage in the commercial manufacture, use, sale, or offer for sale within the United States, or importation into the United States, of the Aurobindo Generic Product prior to the expiration of the patents-in-suit.

35. Upon information and belief, by filing ANDA No. 214782, Aurobindo has certified to the FDA that the Aurobindo Generic Product has the same active ingredient as NUPLAZID® and the same or substantially the same proposed labeling as NUPLAZID®.

36. ACADIA received written notification of Aurobindo's ANDA No. 214782 and its accompanying § 505(j)(2)(A)(vii)(IV) certification by FedEx® Priority Overnight by a letter dated June 10, 2020 ("Aurobindo's Notice Letter").

37. Aurobindo's Notice Letter represents that Aurobindo certified in ANDA No. 214782 that the claims of the patents-in-suit are invalid or would not be infringed by the commercial manufacture, use, sale, or offer for sale of the Aurobindo Generic Product.

38. According to applicable regulations, Notice Letters such as Aurobindo's Notice Letter must contain a detailed statement of the factual and legal bases for the applicant's opinion that the patent is invalid, unenforceable, or not infringed, which includes a claim-by-claim

analysis, describing "[f]or each claim of a patent alleged not to be infringed, a full and detailed explanation of why the claim is not infringed" and "[f]or each claim of a patent alleged to be invalid or unenforceable, a full and detailed explanation of the grounds supporting the allegation." *See* 21 C.F.R. § 314.95(c)(7); *see also* 21 C.F.R. § 314.52.

39. For at least one claim of each of the '740 and '185 patents, Aurobindo's Notice Letter failed to provide a claim-by-claim analysis on the full and detailed explanation of the grounds supporting Aurobindo's opinion that the claims of the '740 and '185 patents are alleged to be invalid.

40. This action is being commenced by ACADIA within 45 days of its receipt of Aurobindo's Notice Letter.

41. Aurobindo's Notice Letter contained an Offer of Confidential Access ("OCA") to certain confidential information regarding the Aurobindo Generic Product. ACADIA subsequently exchanged a markup of the OCA with Aurobindo in an attempt to reach agreement on the terms for confidential access. Aurobindo did not respond to ACADIA's attempt. As of the filing of this Complaint, the parties have not been able to reach an agreement.

42. To date, Aurobindo has not provided ACADIA with a copy of any portions of ANDA No. 214782 or any information regarding the Aurobindo Generic Product, beyond the information set forth in Aurobindo's Notice Letter.

43. The limited information relating to the Aurobindo Generic Product that was provided in Aurobindo's Notice Letter does not demonstrate that the Aurobindo Generic Product, which Aurobindo has asked the FDA to approve for sale in the United States, will not fall within the scope of issued claims of the patents-in-suit.

## COUNT I – INFRINGEMENT BY AUROBINDO LIMITED AND AUROBINDO USA OF THE PATENTS-IN-SUIT

44. ACADIA re-alleges paragraphs 1-43 as if fully set forth herein.

45. Aurobindo's submission of ANDA No. 214782 to the FDA, including its § 505(j)(2)(A)(vii)(IV) certification, constituted infringement of the patents-in-suit under 35 U.S.C. § 271(e)(2)(A).

46. Upon information and belief, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), Aurobindo certified in ANDA No. 214782 that the claims of the patents-in-suit are invalid, unenforceable, or would not be infringed by the commercial manufacture, use, sale, or offer for sale of the Aurobindo Generic Product. Aurobindo notified ACADIA of that certification and provided a statement of the alleged bases for its claims.

47. Aurobindo's Notice Letter does not identify any factual basis for, or any opinion of, invalidity regarding the claims of the '615 and '480 patents.

48. Separate and apart from certain contentions regarding patent validity, Aurobindo's Notice Letter does not identify any factual basis for, or any opinion of, noninfringement of the claims of the '740 patent.

49. Aurobindo is jointly and severally liable for infringement of the patents-in-suit under 35 U.S.C. § 271(e)(2)(A). Upon information and belief, Aurobindo actively and knowingly caused to be submitted, assisted with, participated in, contributed to, and/or directed the submission of ANDA No. 214782 seeking to engage in the commercial manufacture, use, sale, or offer for sale within the United States, or importation into the United States, of the Aurobindo Generic Product prior to the expiration of the patents-in-suit.

50. Upon information and belief, Aurobindo was aware of the existence of the patents-in-suit and was aware that the filing of ANDA No. 214782 and certification with respect to the patents-in-suit constituted an act of infringement of those patents.

51. Aurobindo filed ANDA No. 214782 without adequate justification for asserting that the patents-in-suit are invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of the Aurobindo Generic Product.

52. Moreover, if Aurobindo manufactures, uses, offer for sales, or imports into the United States any of the Aurobindo Generic Product, or induces or contributes to any such conduct, prior to the expiration of the patents-in-suit, including any applicable exclusivities or extensions, it would infringe one or more claims of the patents-in-suit under 35 U.S.C. § 271(a), (b), and/or (c).

53. ACADIA is entitled to relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of the approval of Aurobindo's ANDA No. 214782 be a date that is not earlier than the expiration of the patents-in-suit, or any later expiration of exclusivity for the patents-in-suit to which ACADIA is or becomes entitled.

54. ACADIA will be irreparably harmed by Aurobindo's infringing activities unless those activities are enjoined by this Court. ACADIA does not have an adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, ACADIA requests that the Court grant the following relief:

A. A Judgment that Aurobindo has infringed the '740, '615, '185, and '480 patents by submitting ANDA No. 214782 to the FDA;

B. An Order pursuant to 35 U.S.C. § 271(e)(4)(A) providing that the effective date of any FDA approval of Aurobindo's ANDA No. 214782 will not be earlier than the expiration date

of the patents-in-suit, or any later expiration of any patent term extension or exclusivity for the patents-in-suit to which ACADIA is or becomes entitled;

   C. An Order permanently enjoining Aurobindo, its directors, officers, agents, attorneys, affiliates, divisions, successors and employees, and those acting in privity or concert with Aurobindo, from commercially manufacturing, using, offering to sell, selling, marketing, distributing, or importing the Aurobindo Generic Product identified in this Complaint, or any product that infringes or induces or contributes to the infringement of one or more of the patents-in-suit, prior to the expiration of the patents-in-suit, including any exclusivities or extensions to which ACADIA is or becomes entitled;

   D. That ACADIA be awarded monetary relief to the extent Aurobindo commercially manufactures, uses, offers for sale, or sells within the United States, or imports into the United States, any product that infringes or induces or contributes to the infringement of the patents-in-suit, within the United States prior to the expiration of the patents-in-suit, including any later expiration of any patent term extensions or exclusivities for the patents-in-suit to which ACADIA is or will become entitled, and that any such monetary relief be awarded to ACADIA with prejudgment interest;

   E. A finding that this case is an exceptional case and an award of attorneys' fees in this action pursuant to 35 U.S.C. § 285;

   F. That ACADIA be awarded the costs and expenses that they incur in prosecuting this action; and

   G. Such other and further relief as this Court may deem just and proper.

| | |
|---|---|
| OF COUNSEL: | SAUL EWING ARNSTEIN & LEHR LLP |
| Chad J. Peterman<br>Bruce M. Wexler<br>Scott F. Peachman<br>PAUL HASTINGS LLP<br>200 Park Avenue<br>New York, New York 10166<br>(212) 318-6000<br>chadpeterman@paulhastings.com<br>brucewexler@paulhastings.com<br>scottpeachman@paulhastings.com | */s/ James D. Taylor, Jr.*<br>James D. Taylor, Jr. (#4009)<br>Jessica M. Jones (#6246)<br>Charles E. Davis (#6402)<br>1201 N. Market Street, Suite 2300<br>P.O. Box 1266<br>Wilmington, Delaware 19899<br>(302) 421-6800<br>James.Taylor@saul.com<br>Jessica.Jones@saul.com<br>Chad.Davis@saul.com |

*Attorneys for Plaintiff ACADIA Pharmaceuticals Inc.*

July 24, 2020