**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ACADIA PHARMACEUTICALS INC., | |
| Plaintiffs, | |
| v. | C.A. No. 1:20-cv-00985-RGA |
| AUROBINDO PHARMA LIMITED, et al., | |
| Defendants. | CONSOLIDATED |

**JOINT CLAIM CONSTRUCTION CHART**

Pursuant to Paragraph 9 of the Joint Scheduling Order (D.I. 17), Plaintiff ACADIA

Pharmaceuticals Inc. ("ACADIA" or "Plaintiff") and Defendants MSN Laboratories Private Ltd.

and MSN Pharmaceuticals, Inc. (collectively, "MSN"); Zydus Pharmaceutical (USA) Inc. and

Cadila Healthcare Limited (collectively, "Zydus"); Teva Pharmaceuticals USA Inc. ("Teva"); and

Aurobindo Pharma Limited and Aurobindo Pharma USA Inc. (collectively, Aurobindo") (all

collectively, the "Defendants") hereby submit this Joint Claim Construction Chart for United States

Patent Nos. 10,449,185 ("the '185 patent"); 10,646,480 ("the '480 patent"); and 10,849,891 ("the

'891 patent").

Attached as Exhibit 1 is a chart identifying the claim terms/phrases for which the parties have

a joint proposed construction.  The Joint Claim Construction Chart is attached as Exhibit 2 in which

the parties have set forth their respective proposed constructions for certain terms of the '185 patent,

the '480 patent, and the '891 patent.  In addition to their proposed constructions, the parties set forth

citations to the intrinsic evidence in support of their respective constructions.  In addition to the

intrinsic evidence specifically identified in Exhibit 2, the parties each reserve the right to rely on

- 1 -

additional intrinsic evidence to the extent it is necessary to provide additional context or to rebut

arguments made by the other parties during the claim construction briefing.  Each party further

reserves the right to rely on any intrinsic evidence identified by the other party.  The parties also

reserve their rights to rely on extrinsic evidence, including expert testimony, to the extent

appropriate.

Copies of the '185 patent, the '480 patent, and the '891 patent, and portions of the intrinsic

evidence relied upon by the parties are attached, as follows:

| Exhibit | Description |
|---------|-------------|
| A | U.S. Patent No. 10,449,185 |
| B | U.S. Patent No. 10,646,480 |
| C | U.S. Patent No. 10,849,891 |
| D | U.S. App. No. 16/363,378, June 13, 2019 Non-Final Office Action |
| E | U.S. App. No. 16/363,378, July 30, 2019 Applicant Remarks and Claim Amendments |
| F | U.S. App. No. 16/363,378, September 6, 2019 Applicant-Initiated Interview Summary |
| G | U.S. App. No. 16/363,378, September 6, 2019 Notice of Allowance |
| H | U.S. App. No. 16/363,378, September 6, 2019 "Miscellaneous Internal Document" |
| I | U.S. App. No. 16/571,554, October 10, 2019 Non-Final Office Action |
| J | U.S. App. No. 16/571,554, November 1, 2019 Applicant Remarks |
| K | U.S. App. No. 16/571,554, December 17, 2019 Supplemental Amendment and Applicant Remarks |
| L | U.S. App. No. 16/571,554, January 30, 2020 Final Office Action |
| M | U.S. App. No. 16/571,554, February 18, 2020 Applicant Remarks After Final Office Action |
| N | U.S. App. No. 16/571,554, February 19, 2020 Applicant-Initiated Interview Summary |
| O | U.S. App. No. 16/571,554, February 19, 2020 "Miscellaneous Internal Document" |
| P | U.S. App. No. 16/571,554, March 11, 2020 Notice of Allowance |
| Q | U.S. App. No. 16/836,086, May 15, 2020 Non-Final Office Action |
| R | U.S. App. No. 16/836,086, October 15, 2020 Notice of Allowance |

Dated:  September 10, 2021

s/ *James D. Taylor, Jr.*

James D. Taylor, Jr. (#4009)
Jessica M. Jones (#6246)
Charles E. Davis (#6402)
Aubrey J. Morin (#6568)
SAUL EWING ARNSTEIN & LEHR LLP
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, Delaware 19899
(302) 421-6800
James.Taylor@saul.com

*Of Counsel:*

Chad J. Peterman
Bruce M. Wexler
Scott F. Peachman
Rebecca A. Hilgar
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166

*Attorneys for Plaintiff*
*ACADIA Pharmaceuticals Inc.*

*/s/ Kenneth L. Dorsney*
Kenneth L. Dorsney (#3726)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
(302) 888-6800
kdorsney@morrisjames.com

*Attorneys for Defendants Aurobindo Pharma*
*LTD. and Aurobindo Pharma USA, Inc.*

**SO STIPULATED**:

*/s/ Nathan R. Hoeschen*
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
1105 North Market St., 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
nhoeschen@shawkeller.com

*Attorneys for Defendant Teva Pharmaceuticals*
*USA, Inc.*

*/s/ David A Bilson*
John C. Phillips, Jr. (# 110)
David A. Bilson (#4986)
PHILLIPS, MCLAUGHLIN & HALL, P.A.
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200
jcp@pmhdelaw.com
dab@pmhdelaw.com

*Attorneys for Defendants Zydus Pharmaceuticals*
*(USA) Inc. and Cadila Healthcare Limited*

*/s/ James S. Green, Jr.*
James S. Green, Jr. (#4406)
Jared T. Green (#5179)
**SEITZ, VAN OGTROP & GREEN, P.A.**
222 Delaware A venue, Suite 1500
Wilmington, Delaware 19801
(302) 888-7607
jsgreen@svglaw.com
jtgreen@svglaw.com

*Attorneys for Defendants MSN Laboratories Private*
*Ltd. and MSN Pharmaceuticals, Inc.*

**EXHIBIT 1**
**-- JOINT PROPOSED CONSTRUCTIONS --**

| Claim Term/Phrase for Construction | Patent Claims | Joint Proposed Construction |
|---|---|---|
| **"a blended pimavanserin composition"** | '185 patent, claim 1; '480 patent, claims 1, 5, 12, 14; '891 patent, claims 1, 8 | "a mixture of pharmaceutical ingredients including pimavanserin or a pharmaceutically acceptable salt thereof and one or more excipients mixed together" |
| **"the blended pimavanserin composition"** | '480 patent, claims 3, 6, 7, 12, 16; '891 patent, claims 7, 11 | The term "the blended pimavanserin composition" refers to the term "a blended pimavanserin composition" which is recited in the same claim or in a parent claim |

**EXHIBIT 2**
**-- JOINT CLAIM CONSTRUCTION CHART --**

| Claim Term/Phrase for Construction[1] | Plaintiff's Proposed Construction | Plaintiff's Intrinsic Evidence | Defendants' Proposed Construction | Defendants' Intrinsic Evidence |
|---|---|---|---|---|
| **"granulated pimavanserin tartrate"** <br><br> '185 patent, claim 1; <br><br> '480 patent, claims 1, 5, 12, 14, 15; <br><br> '891 patent, claim 1 <br><br><br> **"40 mg granulated pimavanserin tartrate"** <br><br> '185 patent, claim 1 <br><br> '480 patent, claims 1, 5, 12, 14 <br><br> '891 patent, claim 1 | See the construction immediately below[2] <br><br><br><br><br><br><br><br> "Granulation resulting from an act or process in which particles, including 40 mg pimavanserin tartrate, are made to adhere to form larger, multiparticle entities" | '480 patent specification: 3:66–4:16, 4:47–63, 8:40–52, 10:4–39, 12:4–6, 12:38–43, 12:59–64, 16:6–12, 17:36–51, 20:65–21:22, and 22:12–28 <br><br> The claims of the '185 patent, the '480 patent, and the '891 patent <br><br> U.S. App. No. 16/363,378 at, *e.g.*, (1) June 13, 2019 Non-Final Office Action; (2) July 30, 2019 Applicant Remarks and Claim Amendments; | pimavanserin tartrate granulated alone <br><br><br><br><br><br><br><br> 40 mg pimavanserin tartrate granulated alone | '480 patent specification: Fig. 2 and Fig. 3; 1:15-18; 1:22-28; 1:65-67; 2:1-16, 22-25, 34-47; 3:52-4:24; 4:47-56; 4:64-5:2; 8:53-9:13; 9:44-49; 9:50-11:34; 11:56-12:10; 12:28-37; 15:5-48; 15:55-16:17; 16:18-24; 16:25-17:10; 17:15-27, 55-64; 18:27-44; 18:46-19:25; 19:38-45; Examples (20:12-24:15) <br><br> The claims of the '185 patent, the '480 patent, and the '891 patent |

---

[1]      The parties reserve the right to reference additional intrinsic evidence, including any intrinsic evidence cited or relied upon by any other party as well as the context of the intrinsic evidence.  Intrinsic evidence cited by the parties in support of any term is incorporated by reference to all other terms.  The parties' citation to the specification of the '480 patent shall also signify a citation to the specifications of the each of the '185 patent and the '891 patent, which share a common specification.

[2]      Plaintiff does not believe the term "granulated pimavanserin tartrate" should be construed, but rather the same but more complete term "40 mg granulated pimavanserin tartrate."  In the context of the asserted claims, this term should be given the construction immediately below.

| | | | | |
|---|---|---|---|---|
| **"the granulated pimavanserin tartrate"**<br><br>'480 patent, claims 1, 5, 12, 14, 15;<br><br>'891 patent, claim 1 | The term "the granulated pimavanserin tartrate" refers to the term "40 mg granulated pimavanserin tartrate" which is recited in the same claim or in a parent claim | (3) September 6, 2019 Applicant-Initiated Interview Summary;<br>(4) September 6, 2019 Notice of Allowance;<br>(5) September 6, 2019 "Miscellaneous Internal Document" | the pimavanserin tartrate that has been granulated alone | '185 patent FH:<br>7/30/2019 Amendment in Response to Non-Final Office Action<br><br>'480 Patent FH:<br>11/1/2019, Response to Non-Final Office Action; 12/17/2019, Remarks Made in Amendment; 2/18/2020, Response to Final Office Action; 2/19/2020, Examiner Interview Summary Record; 2/19/2020, Misc. Internal Document (slides presented at the Interview) |
| **"the granulated pimavanserin"**<br><br>'185 patent, claim 1<br><br>'480 patent, claim 20 | The term "the granulated pimavanserin" refers to the term "40 mg granulated pimavanserin tartrate" which is recited in the same claim or in a parent claim | U.S. App. No. 16/571,554 at, *e.g.*,<br>(1) October 10, 2019 Non-Final Office Action;<br>(2) November 1, 2019 Applicant Remarks;<br>(3) December 17, 2019 Supplemental Amendment and Applicant Remarks;<br>(4) January 30, 2020 Final Office Action;<br>(5) February 18, 2020 Applicant Remarks After Final Office Action;<br>(6) February 19, 2020 Applicant-Initiated Interview Summary;<br>(7) February 19, 2020 "Miscellaneous Internal Document";<br>(8) March 11, 2020 Notice of Allowance | the pimavanserin that has been granulated alone | |
| **"granulated pimavanserin or a pharmaceutically acceptable salt thereof"**<br><br>'891 patent, claim 8 | "Granulation resulting from an act or process in which particles, including pimavanserin or a pharmaceutically acceptable salt thereof, are made to adhere to form larger, multiparticle entities" | | pimavanserin or a pharmaceutically acceptable salt granulated alone | |

| | | U.S. App. No. 16/836,086 at, *e.g.*, (1) May 15, 2020 Non-Final Office Action; (2) October 15, 2020 Notice of Allowance | | |
|---|---|---|---|---|
| **"the bulk density of the pimavanserin tartrate"**<br><br>'185 patent, claim 3[3] | This term is not recited in any asserted claim and is not proper for construction | N/A | the bulk density as measured on the pimavanserin tartrate alone | '185 patent specification: Fig. 2 and Fig. 3; 1:14-17; 1:21-28; 1:65-67; 2:1-16, 22-25, 33-48; 3:54-4:25; 4:48-57; 4:65-5:3; 8:33-60; 9:25-30; 9:31-11:16; 11:38-59; 12:16-26; 14:54-15:31; 15:38-64; 16:1-60; 16:65-17:10; 17:38-47; 18:10-27; 18:29-19:8; 19:22-29; 19:36-42; Examples (19:65-24:14)<br><br>The claims of the '185 patent, the '480 patent, and the '891 patent |

---

[3] Plaintiff has previously informed Defendants that claims 3-5 of the '185 patent are no longer asserted against any defendant. Accordingly, this term is not recited in any asserted claim and is not proper for construction. The parties are working on the formal documents to reflect the removal of claims 3-5 of the '185 patent from the case.

| | | | | '185 patent FH:<br>7/30/2019 Amendment in Response to Non-Final Office Action<br><br>'480 patent FH:<br>11/1/2019, Response to Non-Final Office Action; 12/17/2019, Remarks Made in Amendment; 2/18/2020, Response to Final Office Action; 2/19/2020 Examiner Interview Summary Record , 2/19/2020 Misc. Internal Document(slides presented at the Interview) |
|---|---|---|---|---|