IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ACADIA PHARMACEUTICALS INC., <br><br> Plaintiff, <br><br> AUROBINDO PHARMA LIMITED et al., <br><br> Defendants. | C.A. No. 20-985-RGA <br><br> **CONSOLIDATED** |

**STIPULATED FINAL JUDGMENT AND [PROPOSED] ORDER OF
NON-INFRINGEMENT OF U.S. PATENT NOS. 10,646,480, AND 10,849,891**

1. In light of the Court's Memorandum Opinion (D.I. 152), Plaintiff ACADIA Pharmaceuticals Inc. ("ACADIA") and Defendant Teva Pharmaceuticals USA, Inc. ("Teva") (together with ACADIA, the "Parties") by their undersigned counsel, stipulate and agree, subject to the approval of the Court, as follows:

2. Teva filed Abbreviated New Drug Application ("ANDA") No. 214750 with the United States Food and Drug Administration ("FDA") seeking approval to make and sell Pimavanserin Tartrate capsule, Eq. 34 mg base ("Teva's ANDA Product") prior to the expiration of United States Patent Nos. 7,601,740 ("the '740 patent"), 7,732,615 ("the '615 patent"), 10,449,185 ("the '185 patent"), 10,646,480 ("the '480 patent"), and 10,849,891 ("the '891 patent").

3. On April 7, 2021, ACADIA filed its First Amended Complaint against Teva (D.I. 61) alleging, *inter alia*, infringement of the '185 patent, the '480 patent, and the '891 patent.

4. On April 21, 2021, Teva filed an Answer and Counterclaims to ACADIA's First Amended Complaint (D.I. 79) wherein, *inter alia*, Teva denied infringement of the '185 patent, the '480 patent, and the '891 patent, and asserted affirmative defenses, including non-infringement and invalidity of the '185 patent, the '480 patent, and the '891 patent.

5. On December 1, 2021, the Court granted the Parties' stipulation to dismiss all claims, counterclaims, and defenses between the Parties with respect to, *inter alia*, the '185 patent (D.I. 133).

6. On April 6, 2022, following briefing by the Parties and a Markman hearing held on February 23, 2022, the Court issued a Memorandum Opinion providing constructions of disputed claim terms (D.I. 152). The Court construed four terms of the '185 patent, the '480 patent, and the '891 patent, including the following:

| Term | Court's Construction |
| --- | --- |
| 40 mg granulated pimavanserin tartrate | 40 mg granulated pimavanserin tartrate granulated alone |
| the granulated pimavanserin tartrate | The term "the granulated pimavanserin tartrate" refers to the term "40 mg granulated pimavanserin tartrate" which is recited in the same claim or in a parent claim. |
| the granulated pimavanserin | The term "the granulated pimavanserin" refers to the term "40 mg granulated pimavanserin tartrate" which is recited in the same claim or in a parent claim. |
| granulated pimavanserin or a pharmaceutically acceptable salt thereof | pimavanserin or a pharmaceutically acceptable salt granulated alone |

7. Each of the asserted claims of the '480 patent and the '891 patent includes at least one of the following terms, or ultimately depends from an independent claim that includes at least one of the following terms: "40 mg granulated pimavanserin tartrate" or "granulated pimavanserin or a pharmaceutically acceptable salt thereof."

8. Subject to all of ACADIA's rights to appeal, ACADIA stipulates that, under the Court's construction of the terms "40 mg granulated pimavanserin tartrate," "the granulated pimavanserin tartrate," "the granulated pimavanserin," and "granulated pimavanserin or a pharmaceutically

acceptable salt thereof," ACADIA cannot sustain its burden of proving infringement of the '480 patent and the '891 patent by Teva's ANDA product.

9. To preserve judicial and Party resources, the Parties stipulate and agree to the entry of judgment against ACADIA and in favor of Teva that Teva's ANDA product does not infringe any of the Asserted Claims of the '480 patent and the '891 patent on the ground that Teva's ANDA product does not satisfy the "40 mg granulated pimavanserin tartrate," "the granulated pimavanserin tartrate," "the granulated pimavanserin," and "granulated pimavanserin or a pharmaceutically acceptable salt thereof" limitations recited in the Asserted Claims as the Court has construed "40 mg granulated pimavanserin tartrate" and "granulated pimavanserin or a pharmaceutically acceptable salt thereof."

10. The Parties further stipulate and agree that Teva's unadjudicated defenses and Counterclaims with respect to the '480 patent and the '891 patent are dismissed without prejudice, and Teva reserves and retains the right to reassert any such defenses in the future without leave of Court, including in the event of a reversal and remand to the Court following an appeal from final judgment entered in this case.

11. Notwithstanding the foregoing, and for the avoidance of doubt, ACADIA states specifically that it disagrees with, objects to, and asserts error in, the Court's construction of the terms "40 mg granulated pimavanserin tartrate" and "granulated pimavanserin or a pharmaceutically acceptable salt thereof."  ACADIA expressly reserves its right to challenge these constructions on appeal.  ACADIA reserves all of its contentions of infringement made in accordance with the claim constructions proposed by ACADIA which were not adopted by the Court.  The Parties expressly reserve all appellate rights including, but not limited to, the right to appeal the Court's Claim Construction Order to the United States Court of Appeals for the Federal Circuit, and ACADIA's right to appeal the judgment of noninfringement based on its contentions of error in the Court's Claim Construction Order.

- 4 -

12. This stipulation does not address the '740 patent, which remains pending in the case.

13. This stipulation may be made part of the appellate record by any Party.

- 5 -

| | |
|---|---|
| s/ *James D. Taylor, Jr.* | s/ *Karen E. Keller* |
| James D. Taylor, Jr. (#4009) | John W. Shaw (No. 3362) |
| Jessica M. Jones (#6246) | Karen E. Keller (No. 4489) |
| Charles E. Davis (#6402) | Nathan Hoeschen (No. 6232) |
| Aubrey J. Morin (#6568) | SHAWKELLER LLP |
| SAUL EWING ARNSTEIN & LEHR LLP | I.M. Pei Building |
| 1201 N. Market Street, Suite 2300 | 1105 North Market Street, 12th Floor |
| P.O. Box 1266 | Wilmington, DE 19801 |
| Wilmington, Delaware 19899 | (302) 298-0700 |
| (302) 421-6800 | jshaw@shawkeller.com |
| james.taylor@saul.com | kkeller@shawkeller.com |
| jessica.jones@saul.com | nhoeschen@shawkeller.com |
| chad.davis@saul.com | |
| aubrey.morin@saul.com | OF COUNSEL: |
| | Ivan M. Poullaos |
| OF COUNSEL: | Michael K. Nutter |
| Chad J. Peterman | Katherine D. Hundt |
| Bruce M. Wexler | Linda A. Greene |
| Scott F. Peachman | WINSTON & STRAWN LLP |
| Rebecca A. Hilgar | 35 W. Wacker Drive |
| PAUL HASTINGS LLP | Chicago, IL 60601 |
| 200 Park Avenue | |
| New York, NY 10166 | *Attorneys for Defendant Teva Pharmaceuticals USA, Inc.* |
| *Attorneys for Plaintiff ACADIA Pharmaceuticals Inc.* | |

Dated: April 26, 2022

SO ORDERED this _____ day of April 2022.

_____
United States District Judge