IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ACADIA PHARMACEUTICALS INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 20-985-GBW |
| | ) |
| AUROBINDO PHARMA LIMITED, et al., | ) CONSOLIDATED |
| | ) |
| Defendants. | ) |

**STIPULATION AND [PROPOSED] ORDER TO STAY CLAIMS
AND BE BOUND BY RESULT IN LITIGATION**

WHEREAS, on July 28, 2020, Plaintiff filed a complaint against Teva Pharmaceuticals USA, Inc., ("Teva") in C.A. No. 20-986, which case was consolidated with the above captioned case, *Acadia Pharmaceuticals Inc., v. Aurobindo Pharma Limited, et al.*, C.A. No. 20-985-RGA ("the Action"), and which complaint was amended twice, and which complaints collectively alleged infringement of U.S. Patent Nos. 7,601,740 ("the '740 patent"); 10,646,480 ("the '480 patent"); 10,849,891 ("the '891 patent"); 10,449,185 ("the '185 patent"); 7,732,615 ("the '615 patent"); and 7,659,285 ("the '285 patent") based on Teva's Abbreviated New Drug Application ("ANDA") No. 214750 seeking approval to market a generic version of Plaintiff's Nuplazid® product (the "Teva ANDA Product") prior to the expiry of the aforementioned patents;

WHEREAS, in response, Teva filed counterclaims seeking declarations of noninfringement and invalidity of the above-referenced patents, as well as of U.S. Patent No. 7,923,564 ("the '564 patent");

WHEREAS, the Plaintiff's allegations and Teva's counterclaims relating to the '185, '615, and '564 patents were dismissed (D.I. 133, 147);

40582618.3

WHEREAS, a stipulated final judgment of noninfringement was entered in favor of Teva regarding the '480 and '891 patents (D.I. 178);

WHEREAS, the '740 and '285 patents (the "Patents-in-Suit") remain at issue between Plaintiff and Teva;

WHEREAS, Plaintiff and Teva have agreed to a procedure to streamline and expedite resolution of disputed issues and to conserve party and judicial resources by agreeing that Plaintiff and Teva shall be bound, in accordance with the terms explained in paragraph 2 hereafter, by any final judgment of the District Court concerning the Patents-In-Suit entered in the Action following actual litigation on the merits (i.e., excluding judgment that is entered as a result of settlement, consent judgment, stipulated judgment, sanctions, procedural default, or other judgment or disposition that is not an actual contested decision on the merits of the Action);

WHEREAS, Plaintiff and Teva agree that by making this joint stipulation, neither Plaintiff nor Teva shall be deemed to have delayed and/or to have failed to reasonably cooperate in expediting the Action;

NOW THEREFORE, the parties, by their undersigned counsel, hereby stipulate and agree as follows, subject to approval by the Court:

1. All claims between Plaintiff and Teva and all proceedings and acts involving Teva in the Action shall be stayed in their entirety pending the conclusion of the Action.

2. If judgment of the District Court regarding the validity and/or infringement of the asserted claims of the Patents-In-Suit (which does not include a judgment that is entered as a result of settlement, consent judgment, stipulated judgment, sanctions, procedural default, or other judgment or disposition that is not an actual contested decision on the merits of the case) as to at least one defendant is entered, then Plaintiff and Teva agree as follows:

a. Subject to subparagraph 2 d., Plaintiff and Teva will be bound by the judgment of the District Court in the Action.

b. Following the judgment of the District Court, a judgment will be entered in favor of either Plaintiff and/or Teva.  That is, if judgment of the District Court is entered in Plaintiff's favor with respect any of the asserted claims, then a judgment shall be entered for Plaintiff and against Teva with respect to infringement and validity of those asserted claims of the Patents-In-Suit. On the other hand, if judgment of the District Court is entered against Plaintiff with respect any of the asserted claims, then a judgment shall be entered for Teva and against Plaintiff with respect to non-infringement and/or invalidity of those asserted claims of the Patents-In-Suit.

c. Notwithstanding the above, any judgment of the District Court entered in the Action concerning the issues of willful infringement and/or exceptional case under 35 U.S.C. § 285, or costs under 28 U.S.C. § 1920, or any other decision or ruling on fees or costs, shall not be entered in favor of or against Teva as it pertains to the Action.

d. Notwithstanding the above, nothing in this agreement will prevent Plaintiff or Teva from appealing or participating in the appeal of any judgment of the District Court that is referenced in subparagraph 2 a. with the exception that Teva may not appeal or participate in the appeal of any portion of such judgment that relates to issues of willful infringement and/or exceptional case under 35 U.S.C. § 285, or costs under 28 U.S.C. § 1920, or any other decision or ruling on fees or costs.  Moreover, Plaintiff and Teva will be

bound by any Final Judgment[1] that results from such an appeal, unless the United States Supreme Court grants certiorari and issues a decision on the merits, in which case Plaintiff and Teva will be bound by that judgment and any subsequent Final Judgment in the event of a remand.  To the extent Teva imports, sells, offers for sale, or manufactures in the United States the Teva ANDA Product prior to both the expiration of the Patents-In-Suit and entry of any such Final Judgment, Plaintiff retains its right to seek relief, including injunctive relief and damages.

3. In the event of any settlement with any other defendant of the Action results in such other defendant receiving a license, covenant, or other authorization to market a generic equivalent of Nuplazid® in the United States under the Patents-In-Suit, Plaintiff shall inform Teva of the effective date of such license, covenant, or other authorization, and Teva will have the option to settle the Action on terms that are materially the same.  At Teva's request, Plaintiff will promptly prepare a settlement agreement embodying such materially similar terms and Teva will have twenty (20) business days to accept or reject that settlement agreement unless otherwise extended by Plaintiff.

4. If the Action is resolved as to all of the other defendants (except any other defendants who have agreed to stay their case pending resolution of the Action) by settlement or

---

[1] Final Judgment shall mean a judgment on the merits on validity and/or infringement of the asserted claims from which no appeal can be taken other than a petition to the United States Supreme Court for a writ of certiorari. With respect to a decision on appeal, it will be considered final when the Federal Circuit Court of Appeals issues its mandate and no further proceedings on remand are required or have been completed, including any further appeal.

any other type of stipulated, consent or otherwise agreed final judgment or dismissal (such as a dismissal that results from the withdrawal of a defendant's ANDA or conversion to a Paragraph III certification) prior to the entry of a Final Judgment, then Plaintiff and Teva will agree to execute an agreement and be bound by settlement terms materially the same as the terms of the then last executed settlement agreement entered between Plaintiff and any other defendant in the Action.

5. Teva agrees that it will not import, sell, offer for sale, or manufacture in the United States the Teva ANDA Product prior to the earliest of (1) the expiration of all the Patents-In-Suit and U.S. Patent No. 11,452,721; (2) the entry of a Final Judgement in the Action holding all the asserted claims of the Patents-In-Suit and U.S. Patent No. 11,452,721 (if asserted) not infringed and/or invalid; (3) the authorized entry date of the Teva ANDA Product pursuant to a license to the Patents-In-Suit and U.S. Patent No. 11,452,721.

6. Teva further agrees that, during the pendency of the stay, it will not file or assist in the filing of any petition for post-grant review, *inter partes* review, or any other validity challenge before the United States Patent and Trademark Office or Patent Trial and Appeal Board, concerning U.S. Patent No. 11,452,721or any patent listed in the Orange Book for New Drug Application 210793.

7. Plaintiff and Teva further agree that either Plaintiff or Teva may move to lift the stay for good cause shown under any other circumstance which, in the District Court's judgment, taking into account Plaintiff's and Teva's agreements as stated herein and without relieving Plaintiff or Teva of the spirit of the obligations entered into herein, renders enforcement of Plaintiff's and Teva's agreed stay unjust or inequitable.  In the event the stay is lifted pursuant to

this paragraph, Plaintiff and Teva further agree to meet and confer regarding an appropriate schedule for the remainder of the litigation.

Dated: September __, 2022

| | |
|---|---|
| */s/ Michelle C. Streifthau-Livizos* <br> James D. Taylor, Jr. (#4009) <br> Jessica M. Jones (#6246) <br> Aubrey J. Morin (#6568) <br> Michelle C. Streifthau-Livizos (#6584) <br> **SAUL EWING ARNSTEIN & LEHR LLP** <br> 1201 N. Market Street, Suite 2300 <br> P.O. Box 1266 <br> Wilmington, Delaware 19899 <br> (302) 421-6800 <br> james.taylor@saul.com <br> jessica.jones@saul.com <br> aubrey.morin@saul.com <br> michelle.streifthau-livizos@saul.com <br><br> *Attorneys for Plaintiff ACADIA Pharmaceuticals Inc.* | */s/ Karen E. Keller* <br> John W. Shaw (No. 3362) <br> Karen E. Keller (No. 4489) <br> Nathan R. Hoeschen (No. 6232) <br> **SHAW KELLER LLP** <br> 1105 North Market St., 12th Floor <br> Wilmington, DE 19801 <br> (302) 298-0700 <br> nhoeschen@shawkeller.com <br><br> *Attorneys for Defendant Teva Pharmaceuticals USA, Inc.* |

IT IS SO ORDERED this _____ day of _____, 2022.

_____
UNITED STATES DISTRICT JUDGE

40582618.3