# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ACADIA PHARMACEUTICALS INC., | |
| Plaintiff, | |
| v. | C.A. No. 1:20-cv-00985-GBW |
| AUROBINDO PHARMA LIMITED, et al., | CONSOLIDATED |
| Defendants. | ▮ |

**REBUTTAL EXPERT REPORT OF PROFESSOR BRYAN L. ROTH, M.D., PH.D.**

# **TABLE OF CONTENTS**

I. INTRODUCTION AND QUALIFICATIONS ................................................................. 1

II. MATERIALS CONSIDERED ........................................................................................ 7

III. SUMMARY AND BASES FOR OPINION .................................................................. 8

IV. TECHNICAL BACKGROUND..................................................................................... 8

    A. Medicinal Chemistry and Drug Development ......................................................... 8

    B. Serotonin Receptors................................................................................................ 11

V. THE WEINER PATENTS............................................................................................. 17

VI. APPLICABLE LEGAL STANDARDS ....................................................................... 19

    A. Anticipation Under 30 U.S.C. § 102....................................................................... 19

    B. Obviousness Under 30 U.S.C. § 103 ...................................................................... 19

    C. A Person of Ordinary Skill ..................................................................................... 20

VII. DR. HEATHCOCK AND DR. LEWITT FAIL TO SHOW ANTICIPATION OR OBVIOUSNESS OF THE ASSERTED CLAIMS OF THE WEINER PATENTS........ 22

    A. The Scope and Content of the Prior Art Relied Upon by Dr. Heathcock............ 22

    B. Dr. Heathcock Fails to Demonstrate that the Asserted Claims of the '740 Patent Are Anticipated by the Prior Art................................................................. 27

    C. Dr. Heathcock Fails to Demonstrate that the Asserted Claims of the '740 Patent Are Obvious over the Prior Art.................................................................... 32

    D. Dr. Heathcock Fails to Demonstrate that the Asserted Claims of the '740 Patent Are Invalid for Obvious-Type Double Patenting....................................... 51

    E. Dr. Heathcock Fails to Demonstrate that the Asserted Claims of the '285 Patent Are Obvious over the Prior Art.................................................................... 51

VIII. SECONDARY FACTORS OF NONOBVIOUSNESS................................................ 55

    A. Unexpected Results................................................................................................ 55

    B. Skepticism.............................................................................................................. 57

    C. Failure of Others .................................................................................................... 58

    D. Long-Felt but Unmet Need .................................................................................... 59

IX. SUPPLEMENTAL OPINIONS..................................................................................... 59

expected that the structural modifications proposed by Dr. Heathcock would have resulted in pimavanserin and its properties.

### D. Dr. Heathcock Fails to Demonstrate that the Asserted Claims of the '740 Patent Are Invalid for Obvious-Type Double Patenting

129. Dr. Heathcock raises six alleged "reference patents," specifically U.S. Patent Nos. 8,618,130 ("the '130 patent") (Ex. 5 to Heathcock Report); 8,921,393 ("the '393 patent) (Ex. 6 to Heathcock Report); 9,566,271 ("the '271 patent") (Ex. 7 to Heathcock Report); 10,028,944 ("the '944 patent") (Ex. 8 to Heathcock Report); 7,659,285 ("the '285 patent") (Ex. 9 to Heathcock Report), and 7,923,564 ("the '564 patent") (Ex. 10 to Heathcock Report).

130. I understand from counsel that none of Dr. Heathcock's alleged "reference patents" are proper references to support an assertion of obvious-type double patenting.

### E. Dr. Heathcock Fails to Demonstrate that the Asserted Claims of the '285 Patent Are Obvious over the Prior Art

#### 1. Scope and Content of the Prior Art Relied Upon By Dr. LeWitt

131. In opining that the asserted claims of the '285 patent are invalid for anticipation and/or obviousness, Dr. LeWitt relies on four references that are also relied upon by Dr. Heathcock: (1) the Weiner article, (2) WO '636, (3) WO '521, and (4) Drug News 2001.

132. For at least the reasons I have described above (see ¶¶ 59-66, 68-69 of this report), these four references fail to suggest a method of treating Parkinson's Disease psychosis in a patient comprising administering to a patient having Parkinson's disease a therapeutically effective amount of pimavanserin or a salt thereof.

#### 2. Dr. LeWitt Fails to Demonstrate that the Asserted Claims of the '285 Patent are Obvious over the Prior Art

133. I disagree with Dr. LeWitt's opinion that "[a] medicinal chemist POSA, consulting with a clinician with experience with treating PDP, would have been motivated to

the date of this declaration. In addition, I expect that I may be asked to consider and testify about issues that may be raised by Defendants' fact witnesses and technical experts at trial or in their reports or declarations. It may also be necessary for me to modify or to supplement my opinions as a result of any ongoing discovery, Court rulings, testimony at trial, declaration statements, or ongoing studies and investigations.

    I confirm, and declare under penalty of perjury, that the contents of this declaration are true to the best of my knowledge and belief insofar as it states facts, and that it contains my honest opinions on the matters upon which I have been asked to give them.

_____
                    Brian L. Roth, M.D., Ph.D.

Dated: October 28, 2022