# Exhibit 5



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 10/759,561 | 01/15/2004 | David M. Weiner | ACADIA.030A | 8108 |

20995   7590   07/05/2007
KNOBBE MARTENS OLSON & BEAR LLP
2040 MAIN STREET
FOURTEENTH FLOOR
IRVINE, CA 92614

| EXAMINER |
|---|
| WILLIAMS, LEONARD M |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1617 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 07/05/2007 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

jcartee@kmob.com
eOAPilot@kmob.com

PTOL-90A (Rev. 04/07)

JSUF0131

| Office Action Summary | Application No. | Applicant(s) |
| --- | --- | --- |
|  | 10/759,561 | WEINER ET AL. |
|  | Examiner | Art Unit |
|  | Leonard M. Williams | 1617 |

-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --

## Period for Reply

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE _1_ MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

## Status

1)☒ Responsive to communication(s) filed on _15 January 2004_.
2a)☐ This action is **FINAL**.     2b)☐ This action is non-final.
3)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

## Disposition of Claims

4)☒ Claim(s) _1-86_ is/are pending in the application.
   4a) Of the above claim(s) _____ is/are withdrawn from consideration.
5)☐ Claim(s) _____ is/are allowed.
6)☐ Claim(s) _____ is/are rejected.
7)☐ Claim(s) _____ is/are objected to.
8)☒ Claim(s) _1-86_ are subject to restriction and/or election requirement.

## Application Papers

9)☐ The specification is objected to by the Examiner.
10)☐ The drawing(s) filed on _____ is/are: a)☐ accepted or b)☐ objected to by the Examiner.
   Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
   Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).
11)☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

## Priority under 35 U.S.C. § 119

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
   a)☐ All  b)☐ Some * c)☐ None of:
      1.☐ Certified copies of the priority documents have been received.
      2.☐ Certified copies of the priority documents have been received in Application No. _____.
      3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
   * See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**
1)☐ Notice of References Cited (PTO-892)
2)☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3)☐ Information Disclosure Statement(s) (PTO/SB/08)
   Paper No(s)/Mail Date _____.
4)☐ Interview Summary (PTO-413)
   Paper No(s)/Mail Date _____.
5)☐ Notice of Informal Patent Application
6)☐ Other: _____.

Application/Control Number: 10/759,561                                                                 Page 2
Art Unit: 1617

## DETAILED ACTION

### *Election/Restrictions*

Restriction to one of the following inventions is required under 35 U.S.C. 121:

I.   Claims 1-8 and 48, drawn to the a composition comprising a compound of Formula(I), classified in class 514, subclass 310.

II.  Claims 9-31, drawn to a method for treating a neurodegenerative disease, classified in class 514, subclass 653.

III. Claims 32-39, drawn to a method for treating psychosis associated with dopanergic therapy, classified in class 514, subclass 310.

IV.  Claims 40-47, drawn to a method for treating a neuropsychiatric disease, classified in class 514, subclass 653.

V.   Claims 49-83, drawn to a method of inhibiting an activity of a monoamine receptor, classified in class 514, subclass 310.

VI.  Claims 84-85, drawn to a method for identifying a genetic polymorphism, classified in class 435, subclass 6.

VII. Claim 86, drawn to a method for identifying a subject suitable for treatment with the compound of Formula (I), classified in class 435, subclass 6.

Inventions I and II-V are related as product and process of use. The inventions can be shown to be distinct if either or both of the following can be shown: (1) the process for using the product as claimed can be practiced with another materially

different product or (2) the product as claimed can be used in a materially different process of using that product. See MPEP § 806.05(h). In the instant case the method of Groups II-V can be accomplished by a variety of means and compounds such as the administration of known anticholiesterase inhibitors (such as tacrine and donepezil) to inhibit neurodegeneration (especially in regards to Alzheimer's), the use of known antipsychotic agents for the treatment of psychosis (such as olanzapine and risperdine), the administration of known monoamine receptor modulators (such as monoamine oxidase inhibitors).

Inventions I and VI-VII are directed to an unrelated product and process. Product and process inventions are unrelated if it can be shown that the product cannot be used in, or made by, the process. See MPEP § 802.01 and § 806.06. In the instant case, the compounds of group I are not involved in the method for identifying a genetic polymorphism or for identifying a subject suitable for treatment based upon the genetic polymorphism.

Inventions II and V are directed to related processes. The related inventions are distinct if the (1) the inventions as claimed are either not capable of use together or can have a materially different design, mode of operation, function, or effect; (2) the inventions do not overlap in scope, i.e., are mutually exclusive; and (3) the inventions as claimed are not obvious variants. See MPEP § 806.05(j). In the instant case, the methods of Groups II-V can be accomplished by a variety of means and compounds such as the administration of known anticholiesterase inhibitors (such as tacrine and donepezil) to inhibit neurodegeneration (especially in regards to Alzheimer's), the use of

Application/Control Number: 10/759,561       Page 4
Art Unit: 1617

known antipsychotic agents for the treatment of psychosis (such as olanzapine and risperdine), the administration of known monoamine receptor modulators (such as monoamine oxidase inhibitors).. Furthermore, the inventions as claimed do not encompass overlapping subject matter and there is nothing of record to show them to be obvious variants.

Inventions II-V and VI-VII are unrelated. Inventions are unrelated if it can be shown that they are not disclosed as capable of use together and they have different designs, modes of operation, and effects (MPEP § 802.01 and § 806.06). In the instant case, the different inventions the methods of Groups II-V can be accomplished by a variety of means and compounds such as the administration of known anticholiesterase inhibitors (such as tacrine and donepezil) to inhibit neurodegeneration (especially in regards to Alzheimer's), the use of known antipsychotic agents for the treatment of psychosis (such as olanzapine and risperdine), the administration of known monoamine receptor modulators (such as monoamine oxidase inhibitors). None of these methods and their known compounds for treatment are necessarily involved in a method for identifying a genetic polymorphism or for identifying a subject suitable for treatment based upon the genetic polymorphism.

Because these inventions are independent or distinct for the reasons given above and there would be a serious burden on the examiner if restriction is not required because the inventions require a different field of search (see MPEP § 808.02), restriction for examination purposes as indicated is proper.

Application/Control Number: 10/759,561 Page 5
Art Unit: 1617

Applicant is reminded that upon the cancellation of claims to a non-elected invention, the inventorship must be amended in compliance with 37 CFR 1.48(b) if one or more of the currently named inventors is no longer an inventor of at least one claim remaining in the application. Any amendment of inventorship must be accompanied by a request under 37 CFR 1.48(b) and by the fee required under 37 CFR 1.17(i).

No phone call was made to request an election by phone due to the complexity of the restriction.

The examiner has required restriction between product and process claims. Where applicant elects claims directed to the product, and a product claim is subsequently found allowable, withdrawn process claims that depend from or otherwise include all the limitations of the allowable product claim will be rejoined in accordance with the provisions of MPEP § 821.04. **Process claims that depend from or otherwise include all the limitations of the patentable product** will be entered as a matter of right if the amendment is presented prior to final rejection or allowance, whichever is earlier. Amendments submitted after final rejection are governed by 37 CFR 1.116; amendments submitted after allowance are governed by 37 CFR 1.312.

In the event of rejoinder, the requirement for restriction between the product claims and the rejoined process claims will be withdrawn, and the rejoined process claims will be fully examined for patentability in accordance with 37 CFR 1.104. Thus, to be allowable, the rejoined claims must meet all criteria for patentability including the requirements of 35 U.S.C. 101, 102, 103, and 112. Until an elected product claim is found allowable, an otherwise proper restriction requirement between product claims

Application/Control Number: 10/759,561 Page 6
Art Unit: 1617

and process claims may be maintained. Withdrawn process claims that are not commensurate in scope with an allowed product claim will not be rejoined. See "Guidance on Treatment of Product and Process Claims in light of *In re Ochiai, In re Brouwer* and 35 U.S.C. § 103(b)," 1184 O.G. 86 (March 26, 1996). Additionally, in order to retain the right to rejoinder in accordance with the above policy, Applicant is advised that the process claims should be amended during prosecution either to maintain dependency on the product claims or to otherwise include the limitations of the product claims. **Failure to do so may result in a loss of the right to rejoinder.**

Further, note that the prohibition against double patenting rejections of 35 U.S.C. 121 does not apply where the restriction requirement is withdrawn by the examiner before the patent issues. See MPEP § 804.01.

### *Conclusion*

Any inquiry concerning this communication or earlier communications from the examiner should be directed to Leonard M. Williams whose telephone number is 571-272-0685. The examiner can normally be reached on MF 9-5:30.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Sreeni Padmanabhan can be reached on 571-272-0629. The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

Application/Control Number: 10/759,561                                    Page 7
Art Unit: 1617

Information regarding the status of an application may be obtained from the Patent Application Information Retrieval (PAIR) system. Status information for published applications may be obtained from either Private PAIR or Public PAIR. Status information for unpublished applications is available through Private PAIR only. For more information about the PAIR system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a USPTO Customer Service Representative or access to the automated information system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

LMW

SREENI PADMANABHAN
SUPERVISORY PATENT EXAMINER