# SEITZ VAN OGTROP & GREEN, P.A.
ATTORNEYS AND COUNSELORS AT LAW

BERNARD A. VAN OGTROP     Writer's Direct Dial: (302) 888-7604     JAMES S. GREEN, JR.
R. KARL HILL     Writer's E-Mail Address: jsgreen@svglaw.com     JARED T. GREEN
www.svglaw.com

September 5, 2023

*Via: CM/ECF*

The Honorable Gregory B. Williams
U.S. District Court District of Delaware
Caleb Boggs Federal Building
844 N. King Street; Unit 26 Room 6124
Wilmington, DE  19801

      **RE:**   *Acadia Pharmaceuticals Inc. v. Aurobindo Pharma Limited, et al.*
            **C.A. 1:20-cv-00985-GBW (consolidated)**

            **Citation of Subsequent Authority:** *In re Cellect, LLC*, __ F.4d __,
            **2023 WL 5519716 (Fed. Cir. Aug. 28, 2023)**

Dear Judge Williams:

      On June 29, 2023, the parties filed a notice of completion of briefing and joint request for oral argument [D.I. 266] with respect to the summary judgment motions filed by the parties in the above-referenced action. Further related to the summary judgment motions, Defendants MSN Laboratories Pvt. Ltd. and MSN Pharmaceuticals, Inc. (hereinafter "MSN") submit this letter to bring to the Court's attention the Federal Circuit's August 28, 2023 opinion *In re Cellect, LLC*. The Westlaw version of the opinion is attached hereto.

      The recently decided *Cellect* opinion is relevant to MSN's motion for summary judgment [D.I. 260].  In particular, the Federal Circuit discussed the law on obviousness-type double patenting ("ODP"), regarding whether ODP can operate to cut off PTA-generated longer patent term in two related patents.  [D.I. 259 at 13-18; D.I. 261 at 17-20; D.I. 263 at 9-10; D.I. 8-10.] The Federal Circuit in *Cellect* affirmed the invalidation of four patents from the same patent family that claimed priority to "a single application."  2023 WL 5519716, at *1 ("[E]ach

*The Honorable Gregory B. Williams*
*September 5, 2023*
*Page 2*

would have expired on the same day but for the individual grants of PTA.") In *Cellect*, the Federal Circuit stated:

> The obviousness of the asserted claims in each of the challenged patents can be traced back to the '036 patent [U.S. Patent 6,862,036]. That is the only patent in the family that did not receive a grant of PTA and that expired on October 6, 2017, twenty years from the date on which the priority application was filed. Therefore, any extension past that date constitutes an inappropriate timewise extension for the asserted claims of the challenged patents. To hold otherwise would, in effect, confer on the reference claims of the '036 patent PTA to which they were not entitled.

2023 WL 5519716, at *10.

The Federal Circuit's decision also discusses the "inappropriate timewise extension" that led to patent invalidity in relation to a finding of "gamesmanship." *Id.* at *11 ("An applicant's ability to show that it did not engage in gamesmanship in obtaining a grant of PTA is not sufficient to overcome a finding that it has received an unjust timewise extension of term."). This is another issue briefed by the parties in the summary judgment motions here.

Other issues *sub judice* are addressed in the recent *Cellect* decision. Counsel to MSN is available to file a short submission on the specific applicability and impact of *Cellect* relating to the pending motions should the Court find argument helpful.

Counsel remains available at Your Honor's convenience should the Court have any questions or additional concerns.

                                                  Respectfully submitted,

                                                  /s/ *James S. Green, Jr.*

                                                  James S. Green, Jr. (Bar No. 4406)

JSG/arf
cc: All counsel of record (CM/ECF).