IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ACADIA PHARMACEUTICALS INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) C.A. No. 20-985-GBW ) |
| AUROBINDO PHARMA LIMITED *et al.*, | ) ) CONSOLIDATED |
| Defendants. | ) ) ) |

**PLAINTIFF ACADIA'S MOTION FOR LEAVE TO RESPOND TO DEFENDANTS' CITATION OF SUBSEQUENT AUTHORITY**

Pursuant to Local Rule of Civil Practice and Procedure of the United States District Court for the District of Delaware 7.1.2(b), Plaintiff ACADIA Pharmaceuticals, Inc. ("Acadia") seeks leave to respond to Defendants' MSN Laboratories Pvt. Ltd. and MSN Pharmaceuticals, Inc. (collectively "MSN") citation of subsequent authority dated September 5, 2023 (D.I. 268, "MSN's Citation").[1]

*In re Cellect, LLC*, __ F.4d __, 2023 WL 5519716 (Fed. Cir. Aug. 28, 2023) did not address the central issue *sub judice* here: whether a first-filed, first-issued patent having a patent term adjustment ("PTA") can be found invalid for obviousness-type double patenting ("OTDP") based on a subsequently filed patent from the same family. However, *In re Cellect*'s discussion of the applicable legal standards confirms that MSN cannot prove by clear and convincing

---

[1] Although MSN's Citation was filed with the Court in letter format, Acadia files this submission as a motion because it believes this to be the more appropriate format in which to seek leave to respond. *See* Local Rule 7.1.2(a) ("Unless otherwise ordered, the responsive papers shall be in the form adopted by the moving party; i.e., if the moving party files a motion accompanied by a brief, the responsive paper should be a brief."). Acadia is happy to re-submit this motion in letter format, if that is the Court's preference.

evidence that the first-filed, first issued challenged patent claim with PTA at issue here is invalid for OTDP.  Notably, the Federal Circuit found that claims extended by PTA "are entitled to their full term, <u>including the duly granted PTA</u>, <u>unless</u> they are found to be <u>later-filed</u> obvious variations of earlier-filed, commonly owned claims."  *Cellect*, 2023 WL 5519716, at *10 (emphasis added).  This finding is directly relevant to the issues *sub judice* where the challenged patent claim was filed earlier than the reference claim.  (D.I. 261 at 2, 13-17; D.I. 265 at 8-10.)

Other portions of *Cellect* address the import of the relative filing dates of the challenged and reference claims in the OTDP analysis.  2023 WL 5519716, at *7 (OTDP is "a doctrine that limits the term of a patent or, at least, ties later-filed, commonly owned, obvious variations to the expiration date of an earlier-filed reference patent"); *id.* at *12 (a terminal disclaimer remedies OTDP by "tying the expiration of the later-filed claims to the earlier-filed reference claims").

Acadia has conferred with Defendants and Defendants take no position on this motion.

Counsel for Acadia remains available to provide additional briefing on the issues if the Court would find it useful in addressing the pending motion for summary judgment.

DATED: September 7, 2023

**SAUL EWING LLP**

*/s/ Michelle C. Streifthau-Livizos*
James D. Taylor, Jr. (#4009)
Jessica M. Jones (#6246)
Michelle C. Streifthau-Livizos (#6584)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, Delaware 19899
(302) 421-6800
james.taylor@saul.com
jessica.jones@saul.com
michelle.streifthau-livizos@saul.com

*Attorneys for Plaintiff ACADIA Pharmaceuticals Inc.*

OF COUNSEL:

Chad J. Peterman
Bruce M. Wexler
Scott F. Peachman
Rebecca A. Hilgar
Felix A. Eyzaguirre
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
(212) 318-6000
chadpeterman@paulhastings.com
brucewexler@paulhastings.com
scottpeachman@paulhastings.com
rebeccahilgar@paulhastings.com
felixeyzaguirre@paulhastings.com