IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| ACADIA PHARMACEUTICALS INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 20-985-GBW |
| | ) | |
| AUROBINDO PHARMA LIMITED *et al.*, | ) | CONSOLIDATED |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## PLAINTIFF'S NOTICE OF SUBSEQUENT AUTHORITY

Pursuant to the United States District Court for the District of Delaware Local Rule 7.1.2(b), Acadia respectfully submits this Notice of Subsequent Authority. On September 27, 2023, Judge Andrews issued a Trial Opinion in *Allergan USA, Inc. v. MSN Laboratories Private Ltd., et al.*, C.A. No. 19-1727-RGA, D.I. 483 (D. Del. Sept. 27, 2023), which is attached as Exhibit A. *Allergan* found various patents invalid under 35 U.S.C. § 112 and also found a first-filed, first-issued, later-expiring patent invalid for obviousness-type double patenting (OTDP) over later-filed, later-issued, earlier-expiring patents in the same family. *See id.* at 22, 40, 41-43. Although the opinion is relatively abbreviated on the double patenting issue, it is distinguishable from the arguments *sub judice* in the cross-motions for summary judgment in the above-captioned matter (D.I. 260; D.I. 262).

*Allergan* rejected equitable considerations as a basis to avoid double patenting in view of *In re Cellect*. Ex. A, at 41-42. *Allergan* does not discuss the unequivocal finding in *Cellect* regarding entitlement to duly granted PTA that was discussed extensively at the September 27, 2023 oral argument before the Court: "We do, however, note that the non-asserted **claims in the**

***challenged patents are entitled to their full term, including the duly granted PTA, unless they are found to be later-filed obvious variations of earlier-filed, commonly owned claims.***" *In re Cellect*, No. 2022-1293, 2023 WL 5519716, at *10 (Fed. Cir. Aug. 28, 2023) (emphasis added). Instead, the opinion incorrectly states that "*In re Cellect* recognizes no exception to the rule it announced, whether for first-filed, first-issued claims or otherwise." Ex. A, at 42. But the rule, as announced by *Cellect*, expressly states that claims are entitled to a duly granted PTA, with a specific condition subsequent — unless they are found to be later-filed obvious variations of earlier-filed, commonly owned claims. If there are no earlier-filed, commonly owned claims, over which the challenged claims are alleged to be later-filed obvious variations, the consequence of *Cellect* is that the challenged claims are entitled to the duly granted PTA. This of course makes sense since a first-filed, first-issued patent does no harm. If there is a double patenting argument, it would necessarily concern subsequent patent filings, which are alleged to involve a time-wise extension of the patent rights.

  Further, the *Allergan* opinion does not acknowledge the fact that the availability of the OTDP references was simply not challenged in *Cellect*, which resulted in the Federal Circuit definitively stating that claims are entitled to a duly granted PTA subject to the specific conditions discussed above.

  Finally, *Allergan* does not involve any safe-harbor issues under 35 U.S.C. § 121, which is an alternative, independent basis for denying MSN's motion. Counsel for Acadia is available to provide additional briefing on the issues if the Court would find it useful in addressing the pending motion for summary judgment.

<div style="display: flex;">

Dated:  September 29, 2023

OF COUNSEL:

Chad J. Peterman
Bruce M. Wexler
Scott F. Peachman
Rebecca A. Hilgar
Felix A. Eyzaguirre
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
(212) 318-6000
chadpeterman@paulhastings.com
brucewexler@paulhastings.com
scottpeachman@paulhastings.com
rebeccahilgar@paulhastings.com
felixeyzaguirre@paulhastings.com

**SAUL EWING LLP**

*/s/ Michelle C. Streifthau-Livizos*
James D. Taylor, Jr. (#4009)
Jessica M. Jones (#6246)
Michelle C. Streifthau-Livizos (#6584)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, Delaware 19899
(302) 421-6800
james.taylor@saul.com
jessica.jones@saul.com
michelle.streifthau-livizos@saul.com

*Attorneys for Plaintiff ACADIA Pharmaceuticals Inc.*

</div>