**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ACADIA PHARMACEUTICALS INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>AUROBINDO PHARMA LIMITED, et al., )<br>)<br>Defendants. ) | <br><br><br><br>C.A. No. 1:20-cv-00985-GBW<br><br>(Consolidated) |

**MSN'S MOTION FOR LEAVE TO RESPOND TO PLAINTIFF'S
<u>NOTICE OF SUBSEQUENT AUTHORITY</u>**

Pursuant to Local Rule of Civil Practice and Procedure of the United States District Court for the District of Delaware 7.1.2(b), Defendants MSN Laboratories Pvt. Ltd. and MSN Pharmaceuticals, Inc. (collectively "MSN") seek leave to respond to Plaintiff ACADIA Pharmaceuticals, Inc.'s ("Acadia") Notice of Subsequent Authority dated September 29, 2023 [D.I. 272, "Acadia's Notice," attaching as D.I. 272-1 the September 27, 2023 Trial Opinion in *Allergan USA, Inc. v. MSN Laboratories Private Ltd., et al.*, C.A. No. 19-1727-RGA (D. Del.)].

Contrary to Acadia's misplaced arguments in its Notice regarding *Allergan* and *In re Cellect*, the *Allergan* opinion was correct to recognize that *In re Cellect* is dispositive on the legal issue that a first-filed and first-issued, but later-expiring patent can be invalid under obviousness-type double patenting ("ODP") over a later-filed, later-issued, earlier-expiring patent in the same family. The Federal Circuit was also absolutely clear that the dicta from its *In re Cellect* opinion Acadia heavily relies upon had "no basis for consideration."

In *Allergan*, the patent holder made the same argument Acadia makes here: that double patenting does not apply to earlier-filed patents, and in particular, to first-filed, first-issued patents.

1

Judge Andrews rejected that argument and recognized that *In re Cellect* was clear to hold that only the expiration dates matter for ODP analysis:

> **The "first-filed, first-issued" distinction is immaterial.** When analyzing ODP, a court compares patent expiration dates, rather than filing or issuance dates. *Gilead,* 753 F.3d at 1215-17; *In re Cellect,* 2023 WL 5519716, at *9. Allergan nevertheless proposes that I consider these dates, among other facts, as part of a case-by-case review of equitable considerations to determine if a patent owner received an unjust time extension and ODP should therefore invalidate a challenged claim. (D.I. 482 at 5-6). The court in *In re Cellect* rejected such analysis, **holding that ODP depends solely on patent expiration dates and should not [be] influenced by equitable concerns**. "[A]ny extension past [the ODP reference patent's expiration] date constituted an inappropriate timewise extension for the asserted claims of the challenged patents." *In re Cellect,* 2023 WL 5519716, at *10. "An applicant's ability to show that it did not engage in gamesmanship in obtaining a grant of PTA is not sufficient to overcome a finding that it has received an unjust timewise extension of term." *Id.* at * 11. **In re Cellect recognizes no exception to the rule it announced, whether for first-filed, first-issued claims or otherwise.**

*Allergan*, Trial Opinion at 40 (emphases added), D.I. 272-1.

Judge Andrews is absolutely correct. *In re Cellect* recognizes no exception to the rule: "ODP determination depends on … whether the claims of a later-expiring patent would have been obvious over the claims of an earlier-expiring patent owned by the same party." 2023 WL 5519716 at *7. There is no exception to this clear test for ODP.

*In re Cellect* then applies the rule to the fact pattern in that case, which it described as "[h]ere, we have related patents that claim priority from the same application that … claim overlapping subject matter and that have different expiration dates only because of PTA." *Id.* at *8. The filing dates for these patents are simply not relevant to the Federal Circuit's application of the rule.

To be sure, the Federal Circuit was fully aware of the filing dates for the patents in that case. Not only did the opinion include a "family tree" of the patents marked with filing dates, which is included below, the Federal Circuit also acknowledged that the '036 patent, the latest-

filed patent in the case, "**is a continuation of the [challenged and invalidated] '626 patent.**" *Id.* at *1 (emphasis added). Of all the patents involved in that case containing obvious variants of the same invention, the '626 patent had the earliest filing date, and it was the first-filed, first-issued patent that claimed that particular invention with obvious variants. Yet, the Federal Circuit—not just affirming the patent office decision below, but explaining the rule on ODP further—held that the '036 patent would invalidate all asserted claims in the challenged patents. *Id.* at *10 (any patent term extending beyond the no-PTA term set by the '036 patent "constitutes an inappropriate timewise extension"). Again, there is no exception here for the first-filed, first-issued '626 patent claims covering the "obvious variant" invention in that case.



The invalidated '369 patent, like the '626 patent, is a continuation-in-part of the '255 patent (earliest patent shown on the family tree). The dashed lines in the diagram above indicate a CIP relationship. By definition, these CIP patents contain new subject matters not in the '255 patent. Therefore, these two patents contain first-filed, first-issued **claims** in their respective family tree branches covering these new subject matters. None of this mattered to the Federal Circuit's announcement of a clear rule on ODP that only depends on expiration dates, not filing dates. No

filing date differences factored into the Federal Circuit's application of the rule on ODP—without exception—to invalidate the first-filed, first-issued **claims** covering an invention with obvious variants.

Acadia somehow still argues in its Notice that "[i]f there are no earlier-filed, commonly owned **claims**, over which the challenged **claims** are alleged to be later-filed obvious variations, the consequence of *Cellect* is that the challenged claims are entitled to the duly granted PTA." This argument is directly opposite of the holding in *In re Cellect*, which is that any first-filed, first-issued claims covering the invention with obvious variants discussed in that case, which were found in the '626 and '369 patents, were, and should be, invalidated over the later-filed '036 patent reference claims covering that invention.

As a last resort, Acadia ignores the reasoning and holding of *In re Cellect*, and relies on a single sentence from the opinion related to claims that were not at issue ("non-asserted claims"), which is pure dicta. Acadia even ignores the very next sentence in the opinion, by which the Federal Circuit expressly and clearly notes that **"[w]e have no basis for consideration of that issue here."** 2023 WL 5519716, at *10 (emphasis added). Acadia's attempt to "distinguish" the indistinguishable *Allergan* opinion, including its continuing effort to direct the Court's attention away from controlling law and the Federal Circuit's express holding, and its out-of-context focus on dicta, are all baseless, and inappropriate.

MSN has conferred with Plaintiff and Plaintiff does not object to MSN filing a response to Acadia's Notice.

Counsel for MSN remains available to provide additional briefing on the issues if the Court would find it useful in addressing MSN's motion for summary judgment [*see* D.I. Nos. 257-265], currently under advisement following oral argument held on September 27, 2023.

Date: October 4, 2023

Respectfully submitted,

**SEITZ, VAN OGTROP & GREEN, P.A.**

*/s/ James S. Green, Jr.*

James S. Green, Jr. (DE 4406)
222 Delaware Avenue, Suite 1500
Wilmington, DE 18901
302.888.7607
jsgreen@svglaw.com

Shashank Upadhye (*pro hac vice*)
Yixin Tang (*pro hac vice*)
Brent Batzer (*pro hac vice*)
**UPADHYE TANG LLP**
109 Symonds Drive, #174
Hinsdale, IL 60522
312.598.2610
shashank@ipfdalaw.com
yixin@ipfdalaw.com
brent@ipfdalaw.com

*Attorneys for MSN*